UNITED STATES, Appellee

v

PAUL E. MATHENY, Private First Class, U. S. Marine Corps, Appellant

19 USCMA 39, 41 CMR 39

No. 22,222

October 17, 1969

*Commander E. M. Fulton, Jr.*, JAGC, USN, was on the pleadings for Appellant, Accused.

*Captain Lester G. Fant, III*, USMCR, was on the pleadings for Appellee, United States.

### Opinion of the Court

DARDEN, Judge:

Following his plea of guilty, the accused was convicted of two specifications, one alleging desertion with intent to remain away permanently, the other, covering the same period, alleging desertion with intent to shirk important service, both in violation of Article 85, Uniform Code of Military Justice, 10 USC § 885. For sentencing purposes they were treated as multiplicious. A question now arises as to the providence of the accused's plea of guilty.

The law officer's inquiry into this question is equal to that made in United States v Care, 18 USCMA 535, 40 CMR 247. The procedure followed, however, would not meet the standard that must apply to cases tried thirty days after the decision in *Care*.

In mitigation, Matheny told the court that he "went over" his leave period, got married, and then tried to support his wife and her family "because they were very poor people." He took over her father's business because of the latter's ill health. Then, differences with his wife caused him to go to California from Indiana in the hope that this would help solve his domestic difficulty. Though going

**39**

into debt for a car and an apartment, among other things, he was nonetheless informed by his wife that she was getting a divorce. His absence was terminated when he was picked up by agents of the Federal Bureau of Investigation. At the time, he held two jobs.

On the basis of this record, Chief Judge Quinn is satisfied that the accused knew and understood the nature of the offenses charged and that his plea of guilty was provident and voluntary. He would, therefore, affirm the decision of the board of review. United States v Gremillion, 18 USCMA 568, 40 CMR 280; United States v Graan, 18 USCMA 586, 40 CMR 298.

I would affirm only the accused's conviction of desertion with intent to remain away permanently.

Under these circumstances, the finding of guilty to desertion with intent to shirk important service and the sentence must be set aside. The record of trial is returned to the Judge Advocate General of the Navy. A rehearing may be ordered on the charge of desertion with intent to shirk important service or the Court of Military Review may reassess the sentence based upon the remaining charge of desertion with intent to remain away permanently.

Chief Judge QUINN concurs.

FERGUSON, Judge (concurring):

I concur.

In United States v Care, 18 USCMA 535, 40 CMR 247, the majority of this Court laid down two sets of rules governing the inquiry to be made in determining the providency of a plea of guilty. One set of these rules governed cases tried before that date (August 29, 1969), and for the thirty-day period thereafter; the other applied to cases tried after the expiration of thirty days from the date of the opinion. I dissented to the majority's view in *Care* for those cases tried before August 29, 1969, and after the case of Chancelor, 16 USCMA 297, 36 CMR 453. I concurred in the pronouncement in *Care* which established the rule to be effective thirty days after August 29, 1969. *Care* has been followed by the majority of this Court and has become the law. I, therefore, follow it on cases tried before the effective date of the new rules in *Care*.